

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2005

# PA State Pol v. Vora

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2869

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"PA State Pol v. Vora" (2005). *2005 Decisions*. Paper 686.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/686

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-331                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2869
_____

PA STATE POLICE

v.

CHANDAN S. VORA, DR.,

Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00208J)
District Judge: Honorable Gustave Diamond
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
August 4, 2005

Before: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed August 17, 2005 )
_____

OPINION
_____

PER CURIAM

Chandan S. Vora appeals the orders of the United States District Court for the

Western District of Pennsylvania dismissing her notice of removal of a traffic citation

1

pursuant to 28 U.S.C. § 1915(e)(2)(B), and denying her motion for reconsideration of the District Court's dismissal.

In April 2005, Vora filed a notice of removal seeking to transfer a traffic citation and summons charging Vora with making prohibited U-turn. Vora submitted a sizeable volume of medical records in support of the notice of removal. She claimed that the traffic citation was unconstitutional and requested that it be quashed.

In the April 12, 2005 order dismissing the removal, the District Court concluded that the "Notice of Removal" sought to attack a state court traffic citation over which the District Court had no jurisdiction. Vora immediately moved to vacate the dismissal of her removal action, claiming that the traffic citation was unconstitutional and that she was the object of a conspiracy to discriminate against her on account of her race. By order entered May 3, 2005, the District Court treated the motion as a timely filed reconsideration motion and denied it for the same reasons set forth in its April 2005 order. This timely appeal followed.

Vora was granted leave to proceed in forma pauperis, and the appeal is now before the Court for determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court must dismiss an appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that the District Court correctly dismissed the "Notice of Removal" for lack of jurisdiction and properly denied the reconsideration motion. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).